UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------x
GEORGE HAJATI,                :
                              :
        Petitioner,           :
                              :
    v.                        :    Civ. No. 3:22CV438(AWT)
                              :
UNITED STATES OF AMERICA,     :
                              :
        Respondent.           :
------------------------------x
```

**ORDER RE PETITION FOR WRIT OF ERROR CORAM NOBIS**

For the reasons set forth below, George Hajati's petition for a writ of error coram nobis (ECF No. 1) is hereby DISMISSED.

A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992). Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996). To qualify for relief, Hajati must show that

> 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist [ ] for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.

Id. at 79 (citations and internal quotation marks omitted). Hajati's petition is being dismissed because the factual

contention on which it is based is in direct contradiction to a fact he has agreed is true.

Relevant to Hajati's petition are three sentences that were imposed upon him. First, on August 4, 2015, Hajati was sentenced in Case No. 3:09-cr-00035(AWT) on one count of conspiracy to commit wire fraud and eight counts of wire fraud in connection with mortgage loan fraud. He was sentenced to a term of imprisonment of twelve months and one day to be followed by a thirty-six month term of supervised release. Hajati was in Albania when he was arrested in the 2009 case, did not wave extradition, and was detained in Albania while awaiting extradition. At sentencing he argued that he should receive credit towards his sentence for the time he was detained in Albania awaiting extradition. The court rejected this argument stating:

> There's also an argument by the defense that the defendant should receive credit for the time he served while awaiting extradition in this case. I agree with the government that in seeking a departure based on the defendant's detention in Albania, the defendant is, in effect, asking the Court to reward him for leaving the United States shortly after he became aware of an active federal criminal investigation against him and I think such an approach is inappropriate.
>
> I note that Mr. Williams was abroad also but did not have to be extradited.

2

Case No. 3:09CR35 (AWT) Hajati's Sent'g Tr. (ECF No. 215) at 50-51.  Hajati completed his term of imprisonment, and his three-year term of supervised release commenced, on August 9, 2016.

On June 25, 2020, Hajati was sentenced in Case No. 3:19-cr-317(RNC) on one count of wire fraud in connection with multiple applications for automobile loans.  In calculating the advisory range under the sentencing Guidelines, the court found that Hajati's Total Offense Level was 24 and he was in Criminal History Category III, based on a criminal history score of five.  The five points included two that were added based on the fact that Hajati committed that offense while serving the three-year term of supervised release in Case No. 3:09-cr-00035(AWT).  The sentenced imposed was a term of imprisonment of 27 months followed by a five-year term of supervised release.

At the time Hajati committed the offense in the 2019 case, he was still on supervised release in the 2009 case.  As a consequence, his supervised release in the 2009 case was revoked, and the court sentenced him to a term of 21 months of imprisonment to be served consecutively to the sentence imposed in the 2019 case.

Hajati contends that had he gotten credit in the 2009 case for the time he was detained while awaiting extradition, his period of supervised release would have commenced earlier and he would not have been on supervised release when he committed the

3

offense he was convicted of in the 2019 case.  Therefore, he asserts, two points would not have been added to his criminal history score based on committing the 2019 offense while he was serving a supervised release term, and he would have been in Criminal History Category II.  Hajati contends that

> Had Judge Thompson credited Applicant with the time-served credit for his pre-sentence custody time spent in Albania Detention Center, he would not have been on 3-year supervised release when he was charge[d] in the second offense in criminal case number 19CR317RNC.

Petition for Writ of Error Coram Nobis (ECF No. 1) at 4.  His analysis is as follows:

> It bears to reiterate that the 2-point increase in Applicant's criminal history category in Judge Chatigny's court, and therefore, Guidelines range enhancement from category II to III, was premised upon the false belief that <u>Applicant was still serving the 3-year term of supervised release imposed by Judge Thompson at the time he was arrested on July 1, 2022</u>, in the second case before Judge Chatigny. Had the 4-months and 7-days time served credit been applied to Applicant, his supervised release term would have been expired on April 1, 2019. Had the time served credit applied, Applicant would not have been on supervised release when he was arrested on July 1, 2019 and he would not have been given a 2-point enhancement under U.S.S.G. § 4A1.1 (b), consequently by Judge Chatigny.

Petition for Writ of Error Coram Nobis (ECF No. 1) at 10 (emphasis added).

But the relevant date for purposes of the two-point enhancement is not the date on which Hajati was arrested or charged.  The relevant date is the date on which he committed the offense.  As reflected in paragraph 51 of the Presentence

4

Report: "The defendant committed committed the instant offense while serving a 3 year supervised release term imposed in the District of Connecticut.  Therefore, two points are added. U.S.S.G. § 4A1.1(b)."  3:19-cr-00317(RNC), PSR (ECF No. 50) at 17 ¶51.  The record in the 2019 case reflects that this would have been true even if Hajati's term of supervised release had expired on April 1, 2019.  The December 20, 2019, Plea Agreement includes a Stipulation of Offense Conduct and Relevant Conduct. Paragraph 1 reads:

> Beginning in approximately April 8, 2016, and continuing until July 2, 2019, the defendant, George Hajati, knowingly devised and engaged in, with a specific intent to defraud, a wire fraud scheme to defraud auto loan lenders, including several federally insured banks, credit unions, and other financial institutions ("victim lenders").

Case No. 3:19-cr-00317(RNC), Stipulation of Offense Conduct and Relevant Conduct (ECF No. 50-6) at 11.  This is consistent with the Information (ECF No. 50-5) and the Presentence Report in the 2019 case.

Thus, the factual contention on which Hajati's application is based, i.e., that had he gotten credit in the 2009 case for the four months and seven days he was detained in Albania, he would not have been on supervised release when he committed the offense in the 2019 case, is contradicted by his own stipulation that the offense conduct commenced in 2016.  That offense

5

conduct did <u>not</u> commence in either April or July of 2019. Thus, his petition should be dismissed.

    The Clerk shall close this case.

    It is so ordered.

    Signed this 3rd day of August, 2023 at Hartford, Connecticut.

                                      /s/AWT
                                   Alvin W. Thompson
                        United States District Judge